**STATE ex BERRY, Relator v. HUMMEL, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3754.   Decided September 29, 1944.

F. M. Mecartney, Columbus, Warren E. Bigony, Columbus, George S. Hawke, Cincinnati, for relator.

Thomas J. Herbert, Atty. Gen., Columbus, E. G. Schuessler, 1st Asst. Atty. Gen., Columbus, for respondent.

Montgomery, J., of the 5th Dist. sitting in place of Barnes, J.

**OPINION**

BY THE COURT:

Submitted on general demurrer of respondent to relator's petition in mandamus.

Briefly, relator pleads that the Prohibition Party of the State of Ohio presented to relator on June 30, 1944, nominating petitions requiring "submission of relator's name as a presidential elector and the others so nominated as presidential electors and various Ohio state offices from the governor down, with the request that the same be received by him and filed in his office in order to assure a place on the printed ballot which would be voted upon at the general election on November 7th next"; that respondent refused to receive and file said nominating petitions because relator had not complied with §4785-100a GC; that said Party has "on forty-four separate occasions over the years since the year 1869, had a place on the state ballots of Ohio for presidential electors and for officials of the State of Ohio"; that respondent in violation of his rights and the rights of all others similarly situated has arbitrarily refused to receive and to file in his office said nominating petitions, and has ruled that said Prohibition Party is not entitled to a place on the official ballot for the forthcoming general and presidential election. It is averred that §4785-100a GC is unconstitutional and void as being in conflict with Article I Sections 2 and 16 of the Constitution of the State of Ohio and the due process and equal protection clause of the 14th Amendment to the Federal Constitution. The prayer of the petition is that a writ of mandamus issue compelling respondent "to forthwith receive and to file the said nominating petition of the Prohibition Party, and for other and further relief to which he may be entitled".

·The demurrer in this case was recently filed and the reply brief of the relator which met the constitutional questions presented was filed in this Court on September 19th. We appreciate the necessity of an early adjudication of the questions

presented by the demurrer, and therefore are handing this opinion down at the very earliest possible date. For this reason it will not be possible to consider and discuss the many propositions urged in the briefs and cases, therein cited, although we have carefully read many of them. We are thoroughly convinced of the correctness of the adjudication which we made, but are appreciative that the relator, no doubt, will desire to have the questions here presented tested in the court of last resort, and we are anxious to cooperate to the end that this may be accomplished.

At the outset, we should say, we are satisfied that even if it be granted that the Prohibition Party is entitled to a place on the ballot at the November election, no order that we could make in this proceeding would accomplish this result. Therefore, the relief sought in its entirety cannot be afforded in this Court and an adjudication here is without effect and probably may not be invoked. Further, it is obvious that an order that the respondent file the nominating petition of the Prohibition Party will not assure the relator the relief desired, namely, a place on the ballot, nor could any order that this Court would make require or permit the printing of the name of the relator on the ballot as a candidate for presidential elector. A question also arises whether or not the relator stands in such relation to the Prohibition Party and the candidates thereon as to speak for them in this suit. However, waiving aside all of these questions we express our opinion on the basic question sought to be raised by the petition and the demurrer thereto.

There is no averment in the petition which will permit of the construction that the relator has conformed to §4785-100a GC or that the Prohibition Party comes within the exception of §4785-100b GC. The only attempt to meet the subject matter of §4785-100b GC is the averment that on forty-four separate occasions since the year 1869 the Prohibition Party had a place on the state ballots of Ohio. Obviously, this does not meet the requisites of §4785-100b GC, which provides that,

"Nothing herein shall apply to any political party, or group, which has had a place on the ballot in each national and gubernatorial election since the year 1900."

because the averment of the petition may be true and the requisites of the section not be met.

**Section 4785-100a GC** provides that,

"No political party, or group, which advocates, either directly or indirectly, the overthrow, by force or violence, of our local, state or national government, or which carries on a program of sedition or treason by radio, speech or press or which has in any manner any connection with any foreign government or power or which in any manner has any connection with any group or organization so connected or so advocating the overthrow, by force or violence, of our local, state or national government, or so carry on a program of sedition or treason by radio, speech or press shall be recognized or given a place on the ballot in any primary or general election held in the state of Ohio or in any political subdivision thereof".

And further, that any party desiring to have a place on the ballot shall file with the secretary of the state of Ohio an affidavit made by not less than ten members of such Party * * * stating in detail that it does not offend any of the provisions of the section which we have heretofore quoted and the time within which this affidavit shall be filed is prescribed by the statute.

The section further provides that any qualified member of such Party, may appeal from the finding of the secretary of state to the supreme court of the state of Ohio.

It is urged that §4785-100a GC is arbitrary and that in connection with §4785-100b GC is a discrimination against the Prohibition Party and its candidates. It should be observed, that in all probability, §4785-100a GC was not enacted with any purpose of preventing the Prohibition Party and its candidates from securing a place on the ballot at any election. No one would suggest that the Prohibition Party with its well-recognized tenets covering its entire history, has at any time advocated any principle which would even in the slightest degree offend against the subject matter of §4785-100a GC. The purpose of the section is to deny a place on the ballot to any party which cannot truthfully subscribe to the principles set forth and contemplated by the section. So that, there is no substantial reason why the representatives of the Prohibition Party could not conform to the requirements of 4785-100a GC without stultifying their Party or lowering any principle for

which it has stood throughout the years. But, it is urged that the Prohibition Party is discriminated against because §4785-100b GC excepts from the operation of §4785-100a GC political parties which have had a place on the ballot for each national and gubernatorial election since the year 1900. It is a cardinal principle of statutory construction that if a statute applies uniformly within a class of persons based on a reasonable distinction, it has such uniformity of operation under our Constitution as to meet its requirements. It is our judgment that the exception is reasonable, in that it assumes that any Party which has continuously since the year 1900 in each national and gubernatorial election had a place on the ballot, does not in its Party principles offend the subject matter of §4785-100a GC, and that section is uniform in classifying all those who do not come within the exception and requiring them to observe the provisions of 4785-100a GC. No special privileges or immunities as contemplated by **Article I, Section 2, Ohio Constitution**, are granted by §4785b GC.

**Section 16 of Article I, Ohio Constitution**, guaranteeing access to the courts and due process of law is not violated because of the broad provision of §4785-100a GC that an appeal may be had to the Supreme Court of Ohio from the finding of the secretary of state that any political party is not entitled to a place on the ballot because of failure to conform to the provisions of the section.

We are satisfied that the sections are not unconstitutional as being in derogation of any provision of our state or federal Constitutions. The petition proceeding upon this hypothesis only does not state a cause of action, and the demurrer thereto is well made and must be sustained. It will be so ordered and the petition dismissed.

Since the preparation of the foregoing decision counsel for relator has filed reply briefs in which it is urged that the question presented is not moot because the specific relief sought may be granted, i. e., respondent ordered to file the nominating petition. The proposition becomes immaterial because we have considered and decided the constitutional questions raised.

HORNBECK and GEIGER, JJ., and MONTGOMERY, J., of the 5th District, sitting by designation in place of BARNES, P. J., concur.